UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GREYSIRETH AVILA RAMIREZ,**<br>**A# 220 656 082,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **NO. SA-26-CV-00300-JKP** |
| **v.** | § | |
| | § | |
| **WARDEN, Dilley Immigration**<br>**Processing Center, ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER FOR SERVICE

Before the Court is the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) filed by *pro se* Petitioner Greysireth Avila Ramirez, who is currently detained at the Dilley Immigration Processing Center in Dilley, Texas, located in the Western District of Texas. The Petition was originally filed by Jose Luis Moreno, Avila Ramirez's husband, as next friend on behalf of Avila Ramirez. (*Id.*). Upon review, the Court rendered a Show Cause Order advising Moreno and Avila Ramirez that Moreno appeared to lack standing to proceed as Avila Ramirez's next friend and that even if he had standing, as a non–attorney he could not represent Avila Ramirez in federal court. (ECF No. 5). Both Moreno and Avila Ramirez filed responses to the Court's Show Cause Order. (ECF Nos. 7, 8). In her response, Avila Ramirez seemingly asks the Court to either allow Moreno to act on her behalf as next friend or permit her to proceed *pro se* in this matter. (ECF No. 8). Upon review of the responses, the Court finds Moreno lacks standing to act as next friend, and as a non–attorney he may not act on behalf of Avila Ramirez in this matter. In her response Avila Ramirez requests to proceed *pro se* in this matter and adopt and ratify the Petition. (ECF No. 8). The Court will permit Avila Ramirez to adopt and ratify the Petition and proceed *pro se* in this matter. Accordingly, the Court will review the Petition as if filed by Avila Ramirez herself in a *pro se* capacity. Avila Ramirez is advised that she must sign and file any future documents in this matter on her own behalf as a *pro se* petitioner.[1]

---

[1] The Clerk of Court is directed to remove Jose Luis Moreno as next friend in this matter. The Clerk of Court shall remove from the "Petitioner" portion of the case management system the phrase "by and through her Next Friend and lawful husband, Jose Luis Moreno."

The Court hereby **DIRECTS** the Clerk of Court to furnish a copy of the Petition and this Order to the Office of the United States Attorney in San Antonio, Texas. Delivery of those same documents by certified mail, return receipt requested, shall constitute sufficient service of process on the Federal Respondents, *see* FED. R. CIV. P. 4(i), and on all Respondents unless otherwise contested. Service should be directed to:

> Stephanie Rico, Civil Process Clerk
> U.S. Attorney's Office, Western District of Texas
> 601 N.W. Loop 410, Suite
> 600 San Antonio, Texas
> 78216.

Federal Respondents are **ORDERED** to file a response to the Petition for Writ of Habeas Corpus **no later than Friday, February 20, 2026, at 1:00 p.m**. Because this matter appears to turn at least in part on *Zadvydas v. Davis*, 533 U.S. 678 (2001) as a basis for finding detention unlawful, Respondents must consider the Court's prior orders addressing this question.[2] And the response shall specifically and expressly note (1) any material factual differences between those cases and this one, (2) any new arguments sought to be raised by Respondents, and (3) whether Respondents rely on any new material change in the legal landscape to support their continued detention of Petitioner. Respondents should also consider Petitioner's other claims for relief.

In lieu of a full response, Respondents may file an abbreviated response indicating that there are no material factual or legal differences here and preserving all legal arguments previously made by the Federal Respondents in the identified cases. Alternatively, should Respondents deem that no response is warranted in this case to preserve legal arguments previously asserted, they may simply choose to file no response within the established deadline. Under that alternative, the Court may grant the petition for the reasons previously stated in other cases. Petitioner shall have seven days from the date a response is filed to file any reply.

---

[2] *See*, *e.g.*, *Sandoval-Salinas v. Thompson*, No. 5:25-CV-1624-JKP, unpub. op. (W.D. Tex. Dec. 19, 2025); *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368 (W.D. Tex. Dec. 16, 2025); *Marquez-Amaya v. Thompson*, No. 5:25-CV-1501-JKP, 2025 WL 3654327 (W.D. Tex. Dec. 15, 2025); *Puertas-Mendoza v. Bondi*, No. 5:25-CV-0890-XR, 2025 WL 3142089 (W.D. Tex. Oct. 22, 2025).

**IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court. Respondents shall not transfer the above–named Petitioner outside of this judicial district during the pendency of this litigation and until further Order of this Court allowing removal or transfer. Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioner's removal, it merely stays the physical removal or transfer of Petitioner.

**IT IS SO ORDERED** this 12th day of February 2026.

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**